RECEIVED
IN ALEXANDRIA, LA
AUG 04 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 07-0954 |
| -vs- | JUDGE DRELL |
| RICHARD N. LEWIS and<br>WILLIAM J. LEWIS, as Trustees<br>of the Turner Hunt Lewis Trust<br>and Administrators of the<br>Succession of Turner Hunt Lewis, et al. | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court are cross motions for summary judgment. The first motion (Doc. 11) was filed by the defendants, Richard N. Lewis and William J. Lewis, as trustees of the Turner Hunt Lewis Trust and administrators of the succession of Turner Hunt Lewis ("the Lewises"); and Caroline Lewis Hunt; Ellen Hunt Flowers; Elizabeth Hunt Curnes; Houston Bunker Hunt; and Mary Hunt Huddleston (collectively, "the Second Suit Hunts"). The second motion (Doc. 23) was filed by the plaintiff, the United States of America. For the reasons set forth below, the defendants' motion will be granted, the United States's motion will be denied, and, by separate judgment, this suit will be dismissed with prejudice.

## BACKGROUND

This is not our first time to hear this precise dispute. Originally, the Lewises filed what was essentially an interpleader in state court, naming as defendants the United States and Ellen Hunt Flowers, Mary Hunt Huddleston, Elizabeth Hunt Curnes and Houston Bunker Hunt ("the First Suit Hunts"). The United States removed to this Court (Docket Number 3:03-cv-02118; "the First Suit"), and the First Suit Hunts and the United States filed cross motions for summary judgment. Upon careful review of the legal and factual issues raised in the dispute, we issued a ruling (attached hereto as Exhibit A) and judgment (attached hereto as Exhibit B) on June 29, 2005, granting the First Suit Hunts' motion for summary judgment; denying the United States's motion; and ordering that the Lewises

> comply with the provisions of the [Turner Hunt Lewis] Trust, in particular Section 3.2.2, by recognizing that Ellen Hunt Flowers, Mary Hunt Huddleston, Elizabeth Hunt Curnes and Houston Bunker Hunt as substitute (or successor) principal beneficiaries, in the proportion of one-twelfth each, of the Turner Hunt [Lewis] Trust.

(Exh. B). We also ordered that any distributions previously transferred or made directly by the Turner Hunt Lewis Trust ("the Trust") into the registry of this Court be turned over to the Lewises, as trustees of the Trust, for distribution to the First Suit Hunts. (Id.)

The United States appealed, and, following oral argument, the Fifth Circuit found that, "because the allegations of the [Lewises'] complaint do not establish that the government had or claimed a lien or mortgage on the property of the trust when the suit was filed, the [Lewises] may not hale the United States into court . . . ." Lewis v. Hunt, 492 F.3d 565, 568 (5th Cir. 2007). Accordingly, the Fifth Circuit held that there was no

2

jurisdiction for the claim against the United States. Id., 492 F.3d at 575. Our June 29, 2005, judgment was vacated, and the matter was remanded to this Court to dismiss the United States and remand the suit to the state court.

That, obviously, did not conclude the matter. In the instant suit, the United States directly asserts claims under the Internal Revenue Code of 1986, Title 26 of the United States Code, involving essentially the same dispute as in the First Suit—a determination of the enforceability of the Turner Hunt Lewis Trust, in particular Section 3.2.2 of the Trust agreement. Jurisdiction in this suit is proper under 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

In general, the United States claims that the Trust improperly attempts to subvert Louisiana's normal intestacy rules by bypassing Caroline Lewis Hunt in favor of other descendants of Turner Hunt Lewis, the decedent whose assets were deposited into the Trust shortly before his death. That is important to the United States because Caroline Lewis Hunt would be required to turn over to the United States any funds received by her from the estate of Turner Hunt Lewis, pursuant to a December 15, 1989, Collateral Agreement between her, her husband, and the United States Internal Revenue Service, in connection with an outstanding tax liability. The key issue in this case is whether the Trust provision is enforceable or not; if so, the United States's claims must fail. The parties filed the instant cross motions, each side seeking full resolution of the dispute and necessarily focusing on that key issue.

## ANALYSIS

After careful review of the cross motions now before us, we find that they raise the same issues and arguments as in the First Suit. A close reading of the purportedly new evidence reveals no material impact on our previous analysis. Accordingly, we adopt our June 29, 2005, ruling (Exh. A) in its entirety. That ruling answers all of the relevant issues here, and there is no need to reiterate each point. We recognize, as United States correctly points out, that we are not bound by our previous opinion, but neither are we bound to change our reasoned opinion simply because of the passage of time. Accordingly, the defendants' motion (Doc. 11) will be granted, and the United States's motion will be denied.

## CONCLUSION

For the reasons set forth below, the motion for summary judgment filed by the defendants (Doc. 11) is GRANTED. The motion for summary judgment filed by the United States is DENIED. By separate judgment, this suit will be dismissed with prejudice; the United States's request for entry of an injunction will be denied; and we will order that any Trust funds in the registry of this Court be delivered to the trustees of the Trust for distribution pursuant to the Trust agreement.

SIGNED on this 4th day of August, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE:<br>THE TURNER HUNT LEWIS TRUST<br>RICHARD N. LEWIS and WILLIAM J. LEWIS,<br>as Trustees of the Turner Hunt Lewis Trust | CIVIL ACTION NO. 03-1557-M |
| -vs- | JUDGE DRELL |
| CAROLINE LEWIS HUNT, ELLEN HUNT<br>FLOWERS, MARY HUNT HUDDLESTON,<br>ELIZABETH HUNT CURNES, HOUSTON<br>BUNKER HUNT, and UNITED STATES<br>OF AMERICA | MAGISTRATE JUDGE KIRK |

## RULING

In this action for Rule 22 interpleader, before the Court are cross motions for summary judgment filed by defendants, United States of America (Doc. 40),Elizabeth Hunt Curnes, Ellen Hunt Flowers,and Houston Bunker Hunt (Doc. 43) and Defendant Mary Hunt Huddleston (Doc 46), all seeking to resolve the question of who has title under Louisiana law to certain assets in the Turner Hunt Lewis Trust. Having reviewed the motions and memoranda submitted by the parties, and the applicable statutes and case law, the Court GRANTS the motions filed by defendant Mary Hunt Huddleston (Doc. 46) and Defendants Elizabeth Hunt Curnes, Ellen Hunt Flowers, and Houston Bunker Hunt (Doc. 43). Defendant United States of America's motion (Doc. 40) is DENIED.

**EXHIBIT A**

## FACTUAL BACKGROUND

In this most unusual case the Court is called upon to venture forth, in the words of William Shatner, where no one has gone before. We are called upon to determine a purely state law question about which there is guidance in the statutes of Louisiana, but for which there is no definitive answer. Petitioners in this case are trustees of the Turner Hunt Lewis Trust, an interdict's trust originally formed when Mr. Turner Hunt Lewis was hospitalized in 2002 and was incapacitated. This would have been a garden variety matter of distributing assets from the trust upon the death of the interdict to heirs or legatees but for certain provisions in the trust which purport to determine the disposition of the assets upon termination of the trust. For the reasons which follow we find that the Trustees must pay in accordance with the terms of the trust instrument, all to the detriment of a major claimant, the Internal Revenue Service.

In regard to the decision it is most significant that Mr. Lewis apparently died intestate. If he had confected a will our opinion would have been different. Likewise had there been any evidence of intent by Mr. Lewis to do anything at all with reference to his property, the ruling would be different. Instead, the facts we have are that Mr. Lewis died relatively wealthy, but with no indication of his intent whatsoever. Important as well is the complete absence of any suggestion that anyone who acted in relation to the trust formation was in any way underhanded. In other words, our decision must come about merely from a comparison of the terms of a trust agreement and the existing statutory scheme

of Louisiana's laws on interdiction, with a strong dose of possible public policy issues thrown in for good measure. The issue of essence in the case comes down to just how much flexibility interdiction curators have in forming trusts and in including within those trusts provisions regarding disposition of trust property after the intestate interdict dies. With this backdrop we must now set the scene in greater detail.

This case concerns the disposition of assets once belonging to the late Turner Hunt Lewis, a resident of Lincoln Parish, La. (Doc. 1). Mr. Lewis was a businessman who accumulated substantial assets over the course of his life. During the fall of 2002, Mr. Lewis was hospitalized and, because of his difficult medical picture, had to be put on a ventilator. On September 18, 2002, Richard and William Lewis, nephews of Turner Hunt Lewis, petitioned the Third Judicial District Court in Ruston, Louisiana to be appointed curator and undercurator. According to the pleadings, Turner Hunt Lewis never married and had no children. He had three brothers who all predeceased him, leaving only nephews and nieces. The petitioning nephews had been close to him, having worked with him in a family business for many years. Their bases for the interdiction were that Turner Hunt Lewis's physical and MENTAL faculties had deteriorated to the point where he could no longer manage his own affairs. A motion for judgment of temporary interdiction was filed on October 7, 2002, because of the perceived exigencies of Turner Hunt Lewis' condition, and the lack of authority in handling his business affairs.

On October 7, 2002, the state court signed a judgment of temporary interdiction, for seven days, and set a hearing for October 14. On October 9, the curators presented a proposed trust document to the court, together with a proposed judgment of homologation, approved and executed by the court the same day. All of Mr. Turner Hunt Lewis's assets were placed in the trust. Mr. Lewis, unfortunately, passed away on October 13 before the judgment of temporary interdiction expired.

It is unnecessary to explicate the whole of Louisiana's interdiction law to reach a decision in this case. Resolution of these issues, instead, turns upon the particular facts of this case and the unusual way in which Louisiana's interdiction laws are written. The Louisiana Civil Code provides that, where an individual dies without leaving a will, and is survived neither by parent or child, then the estate shall devolve in equal parts to the individual's brothers and sisters, or the descendants of said siblings. La. C.C. arts. 892, 884, 885. Mr. Lewis had three brothers, all deceased. Under the law, therefore, his estate would normally pass in equal thirds to the descendants of each brother. One of his late brothers, H. Moreland Lewis, had a single descendant, Carolyn Hunt, who was therefore in line for a third of Mr. Lewis's estate upon his passing intestate. The above default rules, however, were altered by the trust effected shortly before Turner Hunt Lewis's death, with the trustees employing their powers as court-appointed curators.

Generally speaking, unless a law specifically provides otherwise, the relationship between curator and interdict is the same between tutor and minor.

La. C.C.P., art. 4566(A). This relationship gives the curator extensive powers. The power to place the interdict's property in trust is one of them. La. C.C.P. art. 4566(D). The law also grants the curator the power, with court approval, to donate the interdict's property to his relatives *inter vivos*; to donate to his collaterals; and to give it to charity, among other powers. La. R.S. 9:1022, 9:1023, 9:1024. Thus, the Louisiana Legislature has shown a willingness to give the curator numerous ways to dispose of an interdict's property. In this case, the trust purports to modify the default provisions of the Louisiana statutes to provide for an alternative disposition of Caroline Hunt's portion of the estate. Section 3.3.2 of the trust document contains the following provision: in the event Turner Hunt Lewis died intestate, "any property which would have devolved to Caroline Lewis Hunt shall vest in her descendant as if she predeceased Turner Hunt Lewis" (Doc. 43 Exh. F). Applying the intestate laws under this slight permutation would divert one third of Turner Hunt Lewis' estate away from Caroline Hunt and towards her children in equal parts instead. Louisiana Civil Code arts. 881, 884. Her children are Ellen Hunt Flowers, Mary Hunt Huddleston, Elizabeth Hunt Carnes, and Houston Bunker Hunt, all codefendants in this action.

Carolyn Hunt does not object to the trust's effective diversion of her share of the funds, for she could not look forward to the funds in any event. What gives rise to the controversy surrounding the trust is that in the late 1980's Caroline Hunt and her husband filed for bankruptcy. Unable to pay the Internal Revenue Service (the "IRS") monies that were owed for back taxes, Caroline Hunt and the IRS entered into an agreement whereby she would turn over one hundred percent

of the amount of any devise, bequest, or inheritance she receives (Doc. 40 Exh. L). Thus, if Caroline Hunt inherited a third of Turner Hunt Lewis' estate, it would have to be turned over to the IRS. If same portion passed to her children, the IRS would receive nothing.

Naturally, the IRS objects to the alternative disposition provided for in the trust. Aware of that federal agency's likely negative opinion regarding the validity of the trust and its provision concerning the inheritance of Caroline Hunt, Richard and William Lewis brought an application in the Third Judicial District of Louisiana for instructions, or alternatively an action to quiet title to the assets that were, under the trust, designated to be given to Caroline Hunt's children (Doc. 1). Caroline Hunt, her children and the United States (representing the IRS) were named as defendants in the action. The United States then properly removed the case to this Court (Doc. 3). Motions for summary judgment were then filed by both sides, first by the United States (Doc. 40), and then by Elizabeth Hunt Curns, Houston Bunker Hunt, and Ellen Hunt Flowers (Doc. 43), and finally by Mary Hunt Huddleston (Doc. 46). All defendants except the United States argue that the interdiction proceeding and trust are valid under Louisiana law and that the provisions of the trust are effective notwithstanding any contrary provisions outside of the Louisiana Trust Code. The United States argues that the trust does not meet the standard requirements for a testamentary disposition and that it cannot serve as a substitute for a will because a trust for a beneficiary under interdiction cannot name another beneficiary after the interdict's death.

Memoranda were exchanged by the parties, oral argument was had, and supplemental memoranda were accepted afterwards. The issues are now ripe for resolution. This Court has jurisdiction under 28 U.S.C. § 1444.

## DISCUSSION

In the absence of any evidence raising the possibility of bad faith of self-dealing by any of the parties, our decision must come about from a comparison of the terms of the trust agreement and the existing scheme of Louisiana's laws on interdiction. Throughout its memoranda the United States advances the claim that a will is the only way in which a donation of property or assets may be dispensed to others after the owner's death. In other words, the Government claims that the trusts's disposition to Caroline Hunt's children, bypassing her, is a "prohibited substitution" in Louisiana law. None of the parties contend that the trust meets any of the requirements under Louisiana law for a valid *will*. It is equally plain that the answers to the questions before us cannot be found simply through resort to those portions of Louisiana law which deal with the creation of wills, for, Louisiana Civil Code art. 1520, which addresses prohibited substitutions, in wills, expressly excludes trusts from the range of instruments it affects. In other words, the statutory rules on making wills allow that which would be otherwise forbidden through the device of a trust, if the law of trusts so provides.

La. R.S. 9:1724 provides that where a trust is expressly or impliedly approved of by the Trust Code (La. R.S. 9:1721 *et seq.*), it may not be defeated by the application of the Louisiana Code of Civil Procedure or any other law. Though it may not have always been so, the Trust Code today is the paramount authority on the validity of a trust, if the Code has provisions to apply to the situation. It follows that if the Trust Code gives sanction for a particular arrangement for the disposition of property, the arrangement may not be invalidated by another collateral, nonspecific or otherwise inapplicable Louisiana law. In the current context this would include any law cited by the United States in its arguments concerning testamentary dispositions.

A trust is a perfectly valid instrument for certain management of the property of an interdict. La. C.C.P. art. 4566(D). Once property is validly placed in a trust, the owner no longer has legal or equitable title to it. Title vests in the trustee alone. *Read v. U.S. ex rel Dept. of Treasury*, 169 F.3d 243, 248 (5th Cir. 1999). Therefore, if the trust's dispositions are valid and effective, Mr. Lewis left no property which even *could* devolve to Carolyn Hunt through the rules of intestacy.

Yet, also, a trust on behalf of an interdict must satisfy the requirements of La. C.C.P. art. 4269.1. See La. C.C.P. art. 4566(D). Under that statutory scheme, in a proper minor's trust instrument, the settlor must name the minor as sole beneficiary of the trust, must name a trustee, and must impose maximum spendthrift restraints, and as well the trust must be subject to termination at the

8

option of the beneficiary upon attaining the age of majority or, should he fail to attain majority (or, presumably, die before the order of interdiction is lifted), at the option of his heirs or legatees. La. C.C.P. art. 4269.1. In the case of an adult interdict the element of majority and the spendthrift requirements are non-issues. The issue for discussion in this case is whether the words "sole beneficiary" in the trust to be made limit dispositions post mortem.

Here the trust specifically provided a fiction that Carolyn Hunt would be considered to have predeceased Mr. Lewis if he died. The trust provision is juxtaposed with Louisiana Civil Code articles 881 and 882, which deal with intestacy. The trust specifies that the individuals next in line to receive Carolyn Hunts's 1/3 portion of the estate (assuming her prior demise) are Mr. Lewis' great-nieces and nephews: Ellen Hunt Flowers, Mary Hunt Huddleston, Elizabeth Hunt Carnes, and Houston Bunker Hunt. Trust Code Section 1973(B), La. R.S. 9:1973, grants, except to the legitime in trust, that a trust instrument may allow the interest of an original or substitute beneficiary who dies without descendants during the trust or at its termination to vest in some other person or persons, each of whom shall be a substitute beneficiary. Mr. Lewis was the original beneficiary in this case, and Carolyn Hunt's children were designated substitute beneficiaries.

Section 1973(B) thus allows that this trust can designate other persons as successor beneficiaries upon the death of the original beneficiary who, like Mr. Lewis, dies without forced heirs. Therefore, the settlors of the trust were

9

within the ambit of allowance of Section 1973 to designate Carolyn Hunt's children as beneficiaries upon Mr. Lewis's death. Because nothing in Section 1973(B) places limits upon the designation of beneficiaries, except as to the legitime in trust, the general will provisions of the Louisiana Civil Code cannot be interposed to add limitations on the rights of the trustees to do otherwise. *See* La. R.S. 9:1724.

The IRS relies heavily on Civil Code article 4269.1, providing that a trust established on behalf of a minor (or interdict) "shall name the minor (or interdict) as sole beneficiary of the trust." It argues that, because the other parties will receive the portion of Caroline Hunt's estate otherwise earmarked for her under the laws of intestacy, they are unlawful beneficiaries. The trust, they say, is invalid since Mr. Lewis is not the "sole beneficiary" as legally required. The IRS's argument, while seemingly sound on its face, is undermined by the language of Civil Code art. 4566(D), which, again, applies article 4269.1 to the property of interdicts. Under article 4566(D), "upon the death of the interdict, the trust shall be subject to termination *at the option* of his heirs or legatees." (Emphasis added.) The Court understands these provisions must have some meaning, and it is this: Article 4566(D) contemplates a continuing of the trust after the death of the interdict, in the event that the heirs or legatees choose not to exercise the termination option. Because a trust must have a beneficiary to exist,[1] it must be

---

[1] La. R.S. 9:1802.

that others could be named to benefit from the trust <u>after the death of the interdict</u> without running afoul of the trust regime. The "sole beneficiary" language of article 4269.1 simply does not prohibit the designation of others as beneficiaries of the trust after the death of the interdict, as provided for in Section 1973(B) of the Trust Code. The "sole beneficiary" provisions are intended to protect the interdict and his property for the duration of the interdiction.

Now we must add a word or two regarding the IRS's argument that Mr. Lewis' inheritance rights are being ignored and that a ruling giving the trust provisions legal effect will undermine the Louisiana policy favoring the giving effect to the wishes of the deceased. As observed earlier, had this been a testate situation, the IRS's argument would have had traction. Likewise, had there been any indication that Mr. Lewis expressed any intent at all with regard to the disposition of his property, this case could have turned out differently.[2] However, we have no evidence as to either of each, and the Louisiana legislature has

---

[2] It is notable that Caroline Hunt does not contest the validity of the trust provisions or in any way argue that she has any right to the property which would devolve to her under the default intestate succession rules. Indeed, Ms. Hunt has stated that she has no interest in the outcome of the case (Doc. 22). Standing requirements mandate that a party assert its own legal rights and interests in a proceeding, not the rights and interests of another party. *Valley Forge Christian College v. Americans United for the Separation of Church and State*, 454 U.S. 464, 474; 102 S.Ct. 752; 70 L.Ed.2d 700 (1982). Given that any potential right Ms. Hunt has to the estate is *her right* to argue, and that the IRS has no rights vis-a-vis any party other than Ms. Hunt per the agreement which they entered into regarding her tax liability, it is doubtful that the IRS would have had any standing to pursue its case against the trustees. However, the court is mindful that the IRS was pled into this action as a defendant by the trustees, and thus has the right to make arguments against the trustees as it wishes. The Court is aware of cases where parties in positions similar to the IRS have been denied standing at the appellate level in interpleader actions. See *Libby v. City National Bank et al.*, 592 F.2d 504, 511-512 (9th Cir. 1979); *Hilao v. Estate of Ferdinand Marcos*, 393 F.3d 987, 994 (9th Cir. 2004). However, these cases were decided by appellate courts outside of our Circuit and, as the parties were apparently allowed to participate at the district level, the decisions do not foreclose argument by the IRS under the these facts.

expressly sanctioned the use of trusts as a way of managing the property of an interdict who may or may not emerge from a state of incapacity prior to death. La. C.C.P. art. 4566(D). Any potential problems arising out of this arrangement are policy matters suitable for consideration by the legislature, not the courts. When making an *Erie*[3] guess in the absence of explicit guidance from state courts, it is the Court's job to predict state law, not to create or modify it. *Associated Intern Ins. Co. v. Blythe*, 286 F.3d 780, 783 (5th Cir. 2002).

Finally, as if the foregoing were not sufficient reason to believe that the trust is valid under Louisiana law, we observe that a Louisiana state court examined and approved the trust document contemporaneously, with the power to make adjustments to it as necessary. It made none. In cases such as this where a federal court is called upon to interpret state law, in the context of a question not answered by that state's supreme court, the opinions of lower state courts should be afforded deference and followed unless this Court is convinced by other evidence that their holding was wrong. *Hamilton v. Segue Software*, 232 F.3d 473, 479 (5th Cir. 2000). Here, while examining the trust instrument at the time of its creation, the state court was presumably aware of its charge as the ward of an interdict with an obligation to act for the interdict's best interest, even where the interdict's curator fails to do so[4]. The state court had every opportunity

---

[3] *Erie R. Co. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

[4] As minors are wards of the courts, a watchful eye is kept over them to prevent their being prejudiced by the failure of their appointed representatives to vigilantly guard their interests. *Bouterie v. Crane*, 616 So.2d 657 (La. 1993). The relationship between interdict and curator is the

to correct the instrument if it were indeed defective. It would hardly be "absurd", as the United States contends, for this Court to take the state court's wisdom and experience into consideration. On the contrary, with nothing in the record to demonstrate that the state court erred in any way, it seems to be the proper result in this case.

For the foregoing reasons, the motions for summary judgment filed by Elizabeth Hunt Curnes, Ellen Hunt Flowers, and Houston Bunker Hunt (Doc. 43), and defendant Mary Hunt Huddleston (Doc. 46) will be granted. Defendant United States of America's motion (Doc. 46) will be denied. A separate judgment will issue accordingly.

SIGNED on this 29th day of June, 2005, at Alexandria, Louisiana.

_____
Dee D. Drell
United States District Judge

---

same as that between minor and tudor, absent express provision to the contrary. La. R.S. 9:1032(A). Thus, interdicts are wards of the court and subject to their close supervision. *Fuqua v. Fuqua*, 311 So.2d 568, 571 (La. App. 3 Cir. 1975)

13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE:<br>THE TURNER HUNT LEWIS TRUST<br>RICHARD N. LEWIS and WILLIAM J. LEWIS,<br>as Trustees of the Turner Hunt Lewis Trust | CIVIL ACTION NO. 03-1557-M |
| -vs- | JUDGE DRELL |
| CAROLINE LEWIS HUNT, ELLEN HUNT<br>FLOWERS, MARY HUNT HUDDLESTON,<br>ELIZABETH HUNT CURNES, HOUSTON<br>BUNKER HUNT, and UNITED STATES<br>OF AMERICA | MAGISTRATE JUDGE KIRK |

## JUDGMENT

For the reasons given in the ruling accompanying this judgment, the motions for summary judgment filed by defendants Elizabeth Hunt Curnes, Ellen Hunt Flowers, and Houston Bunker Hunt (Doc. 43) and defendant Mary Hunt Huddleston (Dc. 46) are GRANTED. Defendant United States of America's motion (Doc. 40) is DENIED. Accordingly,

IT IS ORDERED that plaintiffs Richard N. Lewis and William J. Lewis, trustees of the Turner Hunt Lewis Trust and independent co-administrators of the succession of Turner Hunt Lewis, comply with the provisions of the Trust, in

**EXHIBIT A**

particular Section 3.2.2, by recognizing that Ellen Hunt Flowers, Mary Hunt Huddleston, Elizabeth Hunt Curnes and Houston Bunker Hunt as substitute (or successor) principal beneficiaries, in the proportion of one-twelfth each, of the Turner Hunt Lews Trust.

IT IS FURTHER ORDERED that the distributions previously made from the Turner Hunt Lewis Trust in respect of the beneficial interest of Ellen Hunt Flowers, Mary Hunt Huddleston, Elizabeth Hunt Curnes and Houston Bunker Hunt that were either paid into the registry of the Third Judicial District Court of Louisiana, Lincoln Parish, by the trustees of the Turner Hunt Lewis Trust and subsequently transferred to the registry of this Court or paid directly into the registry of this Court, together with the interest accrued thereon, be delivered by the Clerk of this Court to Richard N. Lewis and William J. Lewis, trustees of the Turner Hunt Lewis Trust, for distribution to Ellen Hunt Flowers, Mary Hunt Huddleston, Elizabeth Hunt Curnes and Houston Bunker Hunt as their interests appear.

SIGNED on this 29th day of June, 2005, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge